UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/18/26___

JENA FERGUSON,

                Plaintiff,

       -against-

THE TATE, RELATED PROPERTIES, DOING
BUSINESS AS 23RD CHELSEA
ASSOCIATES,

                Defendant.

26-cv-2784 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity jurisdiction, alleging that Defendant The Tate, Related Properties unlawfully retained her security deposit and garnished funds from her bank account in excess of the amount that she owed to Defendant under a 2003 judgment.  By order dated May 1, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees [ECF No. 5].

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff must request an extension of time for service or her case may be dismissed. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff is on notice that she must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court respectfully is requested to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court respectfully is requested to mail an information package to Plaintiff.

**SO ORDERED.**

Date:  **May 18, 2026**
       **New York, NY**
                                       **MARY KAY VYSKOCIL**
                                       **United States District Judge**

2

**SERVICE ADDRESS FOR DEFENDANT**

The Tate, Related Properties, doing business as 23rd Chelsea Associates LLC
c/o Corporation Service Company
80 State Street
Albany, NY 12207